# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 29, 2011

143071

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

In re DOUGLAS BROOKS SASAK
_____

PEOPLE OF THE STATE OF MICHIGAN,
      Petitioner-Appellee,

v

DOUGLAS BROOKS SASAK,
      Respondent-Appellant.
_____/

SC: 143071
COA: 301696
Allegan CC Juvenile Division:
09-045012-DL

On order of the Court, the application for leave to appeal the January 31, 2011 and April 5, 2011 orders of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration of the issues that the respondent raises in his appeal on the merits. The appeal of right shall proceed in the Court of Appeals as if timely filed on the date of this order, and the parties shall thereafter comply with all applicable filing requirements and deadlines.

We do not retain jurisdiction.

YOUNG, C.J., and MARKMAN, J., would grant leave to appeal.

MARY BETH KELLY, J. (*dissenting*).

I respectfully dissent from the order remanding this case to the Court of Appeals.

Following a delinquency hearing in family court, on September 22, 2010, a jury convicted respondent, age 14, of CSC I and CSC II arising from an incident when he was age 12. On November 10, 2010, respondent moved for a new trial or to vacate his conviction. The circuit court denied respondent's motion.

On December 17, 2010, respondent, represented by newly retained appellate counsel, filed a claim of appeal as of right in the Court of Appeals. The Court of Appeals dismissed the appeal for lack of jurisdiction. Specifically, the Court of Appeals held that respondent failed to timely file the appeal under MCR 7.204(A)(1)(a), which provides that an appeal as of right in a civil proceeding must be filed within 21 days from the time the underlying order or judgment is entered.

Respondent moved for reconsideration, and the Court of Appeals denied the motion. The Court of Appeals held that, pursuant to MCL 712A.1(2),[1] a juvenile delinquency proceeding is not classified as criminal and therefore respondent was required to comply with the 21-day deadline under MCR 7.204(A)(1)(a), as opposed to the deadline under MCR 7.204(A)(2)(c), which provides that an appeal of right in a criminal case must be brought within 42 days from the time the underlying order or judgment is entered.

Respondent seeks leave to appeal in this Court and, in my view, he raises a constitutional issue that is jurisprudentially significant. Specifically, respondent argues that under the Equal Protection Clause, he should be afforded an appeal of right under the rules governing criminal appeals. Respondent maintains that there is no basis for treating juveniles and adults convicted of the same crime differently with respect to appellate jurisdiction. Whether the classification of juveniles and adults on the basis of age for purposes of appellate jurisdiction is rationally related to a legitimate governmental interest is an issue of first impression of which the Court of Appeals gave only the most cursory treatment. Moreover, this issue is not likely to arise in the near future and resolution of the issue could impact numerous juvenile delinquency proceedings. For example, in 2010, there were 40,938 juvenile delinquency proceedings filed in this state's circuit courts.[2] Appeals from the vast majority of these proceedings are rarely brought before this Court, yet the appellate rules governing the proceedings have wide-ranging impact. Therefore, I believe it is important that this Court address the legitimate constitutional question presented by respondent and I respectfully dissent from the majority's decision otherwise.

---

[1] MCL 712A.1 governs juveniles and the family division of the circuit court and it provides in pertinent part, "Except as otherwise provided, proceedings under this chapter are not criminal proceedings."

[2] Michigan Supreme Court Annual Report, 2010, p 41.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 29, 2011

_____
Clerk

y0726